## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DEBRA BARNETT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED AIRLINES, <br><br> Defendant. | Civil Action No. <br><br> 25-cv-02419 (SDW) (JRA) <br><br><br> **REPORT AND RECOMMENDATION** |

**José R. Almonte, U.S.M.J**

Defendant United Airlines, Inc. ("United") moves to dismiss this suit for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Dkt. No. 9 (the "Motion"). Plaintiff Debra Barnett ("Ms. Barnett") and Lance Barnett (collectively with Ms. Barnett, "Plaintiffs") oppose the Motion. Dkt. No. 12. There are two key issues that the Court must decide: (1) whether United—which is not incorporated in New Jersey—is nonetheless "at home" for purposes of general jurisdiction in this Court; and (2) whether Plaintiffs' claims "arise out of or relate to" United's contacts in New Jersey for purposes of assessing specific jurisdiction. The Honorable Susan D. Wigenton, United States District Judge, referred the Motion to me for a Report and Recommendation. I considered the parties' submissions and decide the Motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons set forth below, I respectfully recommend that United's Motion to Dismiss be **GRANTED**.

1

## I.    BACKGROUND & PROCEDURAL HISTORY

On June 7, 2024, Ms. Barnett, a resident of New Jersey, tripped and fell over a black metal object at the jetway in United's terminal at the San Francisco International Airport in California. Barnett Aff. ¶¶ 2, 10, Dkt. No. 13. As a result of the fall, Ms. Barnett allegedly sustained serious and permanent injuries. *Id.* ¶ 2. At the time of the incident, Ms. Barnett, along with her husband, Plaintiff Lance Barnett, was returning home to New Jersey after a vacation. *See id.* ¶ 12.

On March 4, 2025, Plaintiffs filed a complaint against United in the Superior Court of New Jersey, Essex County. *See* Notice of Removal ¶¶ 1–2, Dkt. No. 1. United removed this matter to this Court based on diversity jurisdiction. *See generally* Notice of Removal. The Court must now address United's Motion to dismiss the case for lack of personal jurisdiction, pursuant to Rule 12(b)(2). Dkt. No. 9.

## II.    LEGAL STANDARD

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)); *see also Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). New Jersey's long-arm statute, N.J. Ct. R. 4:4-4, allows courts to exercise jurisdiction over non-residents "to the uttermost limits permitted by the United States Constitution." *D.T. v. Archdiocese of Philadelphia*, 329 A.3d 564, 572 (N.J. 2025) (quoting *Charles Gendler & Co. v. Telecom Equip. Corp.*, 508 A.2d 1127, 1131 (N.J. 1986)); *Grupo Rayco C.A. v. Delta Air Lines, Inc.*, No. 19-cv-6162, 2020 WL 2189994, at *1 (D.N.J. May 6, 2020). Accordingly, personal jurisdiction under the

Due Process Clause of the U.S. Constitution allows a State to "authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Daimler*, 571 U.S. at 126 (citation modified) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011)). Courts in New Jersey "look to federal law for the interpretation of the limits" on personal jurisdiction. *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 563 (3d Cir. 2017) (quoting *IMO Indus., Inc. v. Kiekert A.G.*, 155 F.3d 254, 259 (3d Cir. 1998)).

When reviewing a motion to dismiss under Rule 12(b)(2), courts "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992). Once a jurisdictional defense is raised, the plaintiff bears the burden of demonstrating the facts necessary to establish personal jurisdiction and "the plaintiff must prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citation modified). "If the district court does not hold an evidentiary hearing, the plaintiff[ ] need only establish a prima facie case of personal jurisdiction." *Id.* (citation modified) (quoting *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)). Thus, "the plaintiff must establish 'with reasonable particularity sufficient contacts between the defendant and the forum state' to support jurisdiction." *Kelly v. Vigilant Expeditionary Sols., Inc.*, No. 24-cv-503, 2025 WL 2494533, at *2 (D.N.J. Aug. 30,

3

2025) (quoting *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

Under the U.S. Constitution, personal jurisdiction can be established either through general jurisdiction or specific jurisdiction. *Bristol-Myers Squibb v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017). Plaintiffs invoke both.

## III.   **DISCUSSION**[1]

### A. General Jurisdiction

I do not find that there is general jurisdiction over United. General jurisdiction over a corporate defendant exists where the defendant is "at home," typically in the state of incorporation or where it maintains its principal place of business. *Daimler*, 571 U.S. at 137. In "exceptional case[s], . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 139 n.19. To support general jurisdiction over a corporate defendant, the defendant's "contacts [with the forum] need not relate to the subject matter of the litigation, . . . but must rise to 'a very high threshold of business activity.'" *Batista v. AT&T Inc.*, No. 24-cv-8503, 2025 WL 1693893, at *5 n.4 (D.N.J. June 17, 2025) (citation modified) (quoting *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 633 (D.N.J. 2004)).

---

[1] United asserts that personal jurisdiction cannot be established over it because Plaintiffs did not comply with New Jersey service laws. *See* Dkt. No. 9 at 8–10. However, because I find that this Court does not have general or specific personal jurisdiction over United, I need not address whether service was sufficient to confer personal jurisdiction.

The parties do not dispute that United is incorporated in Delaware or that it maintains its principal place of business in Illinois.  *See* Compl. ¶ 3, Dkt. No. 1-1; Answer ¶ 3, Dkt. No. 3; Dkt. No. 9 at 6; Dkt. No. 12 at 16–18.  Instead, Plaintiffs contend that United should nonetheless be considered "at home" in New Jersey because "it has amassed abundant resources to cultivate its influence in New Jersey: Being the 6th largest employer; paying $500 million in tax and stimulating $16 billion in economic activity." Dkt. No. 12 at 18.  Moreover, Plaintiffs highlight that United's "involvement in New Jersey is not superficial," *id.*, and that United exercises dominion and control over its terminal operations at its hub in Newark Airport and "avails itself of personal jurisdiction in the State of New Jersey by commencing litigation to enforce those operations." *Id.* at 5.  Plaintiffs assert United's presence in New Jersey is

> [A]n exceptional level of involvement, and to allow United . . . to be subject to New Jersey jurisdiction would not violate the United States Supreme Court's blueprint of its general jurisdiction rulings: To enable out-of-state defendants "to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."

*Id.* at 18 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

I disagree.  It bears emphasizing that when a corporation's situs is outside its principal place of business or state of incorporation, finding it "at home" in another forum is the exception, not the rule, for purposes of general jurisdiction.  *Daimler*, 571 U.S. at 139 n.19.  General jurisdiction does not exist just because a defendant "engages in a substantial, continuous, and systematic course of business" in the forum.  *Daimler*, 571 U.S. at 138; *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166,

5

179 (D.N.J. 2016). Indeed, the Supreme Court has recognized that "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler,* 571 U.S. at 139 n.20. Otherwise, a corporation would be subject to general jurisdiction "in every other State in which [the corporation's] sales are sizable," *id.* at 139—a result which goes against the constitutional principle of Due Process.

Courts in analogous cases have found that an airline's operations at an airport located in their forum, even if substantial, are insufficient to establish general personal jurisdiction in the forum. *See Grupo Rayco C.A.*, 2020 WL 2189994, at *2 ("The fact that Delta's planes fly into and out of Newark International Airport, and consequently, Delta has a business address in the state of New Jersey, is insufficient to subject Defendant to this Court's general jurisdiction."); *Vallarta v. United Airlines, Inc.*, 497 F. Supp. 3d 790, 799 (N.D. Cal. 2020) (finding that United maintaining two hub airports in California was insufficient to establish general jurisdiction over them); *Sambrano v. United Airlines, Inc.*, No. 21-cv-1074, 2021 WL 5178829, at *4 (N.D. Tex. Nov. 8, 2021) (concluding that United was not subject to general jurisdiction in Texas despite the presence of a hub airport in Houston). Accordingly, United's substantial operations out of Newark Airport, even if it is one of its hubs, is not sufficient to establish that United is "at home" in New Jersey such that general personal jurisdiction can be exercised. All major airlines maintain several hubs throughout the country; therefore, concluding that United's substantial operations out of Newark Airport justify general jurisdiction in New Jersey would

6

render airlines subject to general jurisdiction in virtually every forum where they maintain a hub. *See Vallarta*, 497 F. Supp. 3d at 799.

Plaintiffs emphasize that United "is a domestic entity possessing in-state influence that overwhelms" that of the corporate defendant in *Daimler* who the Supreme Court found was not subject to the forum's general jurisdiction. Dkt. No. 12 at 17–18; *Daimler*, 571 U.S. at 139. It is true that the *Daimler* Court recognized that there was no rule holding that a corporation is "subject to general jurisdiction only in a forum where it is incorporated or has its principal place of business[.]" *Id*. at 137. Those locations are simply considered "paradigm all-purpose forums." *Id*. But the *Daimler* Court did not go so far as to "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business". *Id*. at 138 (citation modified). Instead, it found such an outcome "unacceptably grasping." *Id*.

Plaintiffs also compare United to the defendant in *Malik* where the Third Circuit affirmed dismissal for lack of personal jurisdiction over the defendant because the plaintiff

> has not alleged facts that would suggest this is the "exceptional case" where, although [the defendant] is neither incorporated in nor has its principal place of business in New Jersey, [the defendant] has operations in New Jersey "so substantial and of such a nature as to render [it] at home in that State" for purposes of general jurisdiction.

710 F. App'x at 564 (quoting *Daimler*, 571 U.S. at 137 n.19). Here, Plaintiffs argue that, unlike the plaintiff in *Malik*, they have "provide[d] concrete evidence regarding [United's] presence in New Jersey," and emphasize United's sizable operations in this State. Dkt. No. 12 at 18. But even if this is true, this is still not enough to establish

7

general jurisdiction.   Again, general jurisdiction does not lie over a corporate defendant simply because it "engages in a substantial, continuous, and systematic course of business." *Daimler*, 571 U.S. at 138 (citation modified).   Plaintiffs do not point to any authority that would establish that an airline is subject to general jurisdiction only because it maintains a hub and engages in substantial operations in a forum.   In fact, courts have found otherwise.   *See Grupo Rayco C.A.*, 2020 WL 2189994, at *2; *Vallarta*, 497 F. Supp. 3d at 799; *Sambrano*, 2021 WL 5178829, at *4.

For these reasons, I find that this Court does not have general jurisdiction over United.

### B. Specific Jurisdiction

Nor do I find that there is specific jurisdiction over United.   Specific jurisdiction exists "when the defendant has sufficient contacts with the forum, and plaintiff's claims 'arises out of or relate to' those contacts." *Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 436 (D.N.J. 2021) (quoting *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021)).   To determine whether there is specific jurisdiction, this Court looks to the following test:

> First, the defendant must have purposefully directed [its] activities at the forum. . . . Second, the plaintiff's claims must arise out of or relate to the defendant's activities. . .   And third, exercising personal jurisdiction must not "offend traditional notions of fair play and substantial justice.

*Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020) (citation modified) (quoting *O'Connor*, 496 F.3d at 316–17).

For the first prong of the test, the defendant "must take some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum

State." *See Ford*, 592 U.S. at 352 (citation modified). However, the crux of the jurisdictional dispute here does not center around the first prong, as neither party disputes that United purposefully directed its activities at New Jersey. *See* Dkt. No 9 at 13; Dkt. No. 12 at 13.

Rather, the parties' dispute centers around the second prong—the "relatedness" prong—of the specific jurisdiction analysis: whether Plaintiffs' claims "arise out of or relate to" United's contacts in New Jersey. *See Danziger,* 948 F.3d at 129. In *Ford*, the Supreme Court explained that a "strict causal relationship" is not required between a defendant's contacts in the forum and a plaintiff's claims, 529 U.S. at 361–62; but, "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulations." *Id*. at 359–60 (citation modified) (quoting *Bristol-Myers.*, 582 U.S. at 262). An attenuated affiliation will not suffice for specific jurisdiction—a "***strong*** relationship among the defendant, the forum, and the litigation" is required. *Id*. at 365 (emphasis added and citation modified).

Plaintiffs suggest the relatedness prong is satisfied because United "actively solicits customers in New Jersey by establishing a hub in Newark Airport," and that "precisely owing to [United]'s advertising campaign in New Jersey [is why Plaintiffs] chose them and subsequently sustained injuries by [United's] employees." Dkt. No. 12 at 14. Plaintiffs support these arguments via Ms. Barnett's affidavit that attests to United's advertising campaign, and that Plaintiffs booked their flights through

United's services. *See* Barnett Aff. ¶¶ 11–14. Plaintiffs also note that "the incident took place when [Ms. Barnett] was boarding for her return to Newark Airport." Dkt. No. 12 at 14. In essence, Plaintiffs argue that Ms. Barnett's accident in California arises from United's advertising campaign in New Jersey and operations out of Newark Airport. However, specific jurisdiction cannot be established through such an attenuated connection. *See Ford*, 592 U.S. at 365. It strains credulity to expect that United's generalized solicitation of customers in New Jersey and its operations in Newark Airport somehow gave rise to Ms. Barnett's accident in California. Nor do Plaintiffs allege so in their Complaint or supporting papers. [2]

Plaintiffs point to *O'Connor* as "particularly instructive because the Third Circuit found personal jurisdiction existed [in Pennsylvania] over a Barbados corporation for an incident that occurred at a hotel/spa operated by the corporation in Barbados." Dkt. No. 12 at 12. However, the Supreme Court's later decision in *Ford* casts doubt on the applicability of *O'Connor*'s holding. This District has recognized that *O'Connor*'s standard for the relatedness prong "cannot be reconciled with *Ford*," because "[t]he Third Circuit [in *O'Connor*] held that causation is a *minimum* requirement . . . *Ford*, however, held that causation is not a requirement." *See Rickman*, 538 F. Supp. 3d at 441 (emphasis in original). Thus, I do not agree that

---

[2] To be specific, Plaintiffs' Complaint alleges that United maintains a business address located at 3 Brewster Road, Newark, NJ, Compl. ¶ 3; that United "did regularly and systematically conduct business" in New Jersey, *id.* ¶ 4; that United "is a common carrier that regularly and systematically conducts business throughout the United States," *id.* ¶ 5; that Ms. Barnett "did enter into a contractual agreement with" United in relation to Plaintiffs' bookings, *id.* ¶ 6; and that because of that contractual relationship, Ms. Barnett was owed a "duty of care." *Id.* ¶ 7. However, as discussed, these allegations regarding United's activities in New Jersey do not sufficiently establish that Plaintiffs' claims arose from those activities.

*O'Connor*'s holding is as instructive as Plaintiffs argue. I must analyze the relatedness prong under *Ford*.[3]

And under the *Ford* standard, I do not find that Plaintiffs' argument withstands scrutiny, even if it is a more "relaxed standard," as Plaintiffs characterize it. Dkt. No. 12 at 13. In *Ford*, the Court found that "specific jurisdiction attaches in cases identical to the ones here—when a company like Ford *serves a market for a product in the forum State and the product malfunctions there*." *Ford*, 592 U.S. at 363 (emphasis added). Because "Ford had systematically served a market in Montana and Minnesota for the very vehicles that the plaintiffs allege malfunctioned and injured them in those States," the Supreme Court concluded that there was "a strong 'relationship among the defendant, the forum, and the litigation'—the 'essential foundation' of specific jurisdiction." *Id.* at 365; *see also Rickman*, 538 F. Supp. 3d at 441 (recognizing that *Ford* "held that the claims before it, that a Ford car was defective when it crashed *in the forum*, were sufficiently related to Ford's extensive marketing *in the forum*.") (emphasis added). While United may have advertised extensively in New Jersey, as Plaintiffs argue, the incident that gives rise to Plaintiffs' claims did not occur in New Jersey, and the claims are, therefore, not sufficiently affiliated with United's activity in New Jersey.

---

[3] It is worth noting that *Ford* did not abrogate the entire three-prong test for specific jurisdiction laid out in *O'Connor*, and that test remains applicable to the specific jurisdiction analysis. *See Hasson v. FullStory, Inc.*, 114 F.4th 181, 186 (3d Cir. 2024); *Weiser L. Firm, P.C. v. Hartleib*, No. 23-cv-1889, 2024 WL 5219737, at *3 (3d Cir. Dec. 26, 2024). *Ford* supersedes *O'Connor*'s analysis only as to the standard applied in the relatedness prong. *See Colur World, LLC v. Supmedic, Inc.*, 801 F. Supp. 3d 524, 537 (E.D. Pa. 2025) ("To the extent *Ford Motor Co.*'s relatedness analysis clashes with *O'Connor*'s, this Court is obliged to apply *Ford Motor Co.*").

Plaintiffs also rely on two other cases for their analysis on the relatedness prong: *Rose v. Ferrari N. Am., Inc.*, No. 21-cv-20772, 2023 WL 8653924 (D.N.J. Dec. 14, 2023) and *Martinez v. Union Officine Meccaniche S.P.A.*, No. 22-cv-1364, 2023 WL 3336644 (3d Cir. May 10, 2023). In *Ferrari*, the defendant, a car manufacturer that was heavily involved in the operations of its service centers in New Jersey, was found to be subject to specific jurisdiction in New Jersey, in part, because the service centers in New Jersey

> service[d] the Defendant's brakes in New Jersey, including for the make of the vehicle at issue in this case. The Plaintiffs' claims are based on alleged defects with the Defendant's brakes. One of the Plaintiffs bought a car with allegedly defective brakes in New Jersey . . . . And many of the claims in this case are bottomed on the buying of a car.

2023 WL 8653924, at *4. Therefore, this District concluded there was a "strong relationship" between the defendant, the forum, and the litigation. *Id.* Plaintiffs liken United to the defendant in *Ferrari* on account of its substantial involvement with its New Jersey service centers, but Plaintiffs misapply *Ferrari* by ignoring this District's analysis as to how those contacts relate to the claims at issue.

Plaintiffs also contrast United to the defendant in *Martinez* by noting that United's "mode of operation is different." Dkt. No. 12 at 14. In *Martinez,* the Third Circuit concluded that the district court did not have specific jurisdiction over the defendant because the defendant's "actions in New Jersey, which are not alleged to have caused any of the claimed injuries, had to have included more than mere efforts to keep its one customer in New Jersey happy." 2023 WL 3336644, at *2. Plaintiffs attempt to distinguish *Martinez* from this case, arguing that United "actively solicits customers in New Jersey by establishing a hub in Newark Airport and taking pride

in its deep involvement with the terminal." Dkt. No. 12 at 14. However, this, again, overemphasizes United's ties with New Jersey as it relates to Ms. Barnett's injuries, and does not explain how those ties caused, or are related to, Plaintiffs' claims, *i.e.,* Ms. Barnett's accident in California. Therefore, I do not find that there is a "strong relationship" between United, New Jersey and Plaintiffs' claims. *Martinez*, 2023 WL 3336644, at *2.

Because Plaintiffs allegations fail to satisfy the relatedness prong of the specific jurisdiction analysis, I find that this Court does not have specific jurisdiction over United, and the third prong of the analysis—whether the exercise of jurisdiction comports with fair play and substantial justice—need not be considered. *See O'Connor*, 496 F.3d at 317. Without general or specific personal jurisdiction, this Court cannot maintain personal jurisdiction over United.

### C. Whether a Transfer of Venue is Warranted

"[A] district court that lacks personal jurisdiction must at least consider a transfer," *Danziger*, 948 F.3d at 132, and if the interests of justices warrant it, "the court shall . . . transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. However, this Court maintains broad discretion not to transfer the case and "need not investigate on its own all other courts that 'might' or 'could have' heard the case." *Danziger*, 948 F.3d at 132 (citing 28 U.S.C. §§ 1404(a), 1406(a)). I cannot conclude, based on the information available to the Court, whether a transfer is in the interests of justice. Neither party has requested a transfer as an alternative remedy or argued whether

13

another venue is more appropriate to hear this case. Moreover, a transfer to a venue that could maintain personal jurisdiction over United may be burdensome on Plaintiffs, individuals who reside in New Jersey. Therefore, I decline to recommend a transfer at this juncture.

## IV.    CONCLUSION

For the reasons set forth above, I respectfully recommend that United's Motion to Dismiss (Dkt. No. 9) be **GRANTED**, and that Plaintiffs' Complaint be **DISMISSED WITHOUT PREJUDICE**. The parties have fourteen days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); L. Civ. R. 72.1(a)(2), (c)(2). It is further **ORDERED** that the Clerk of Court shall **TERMINATE** the Motion pending at Dkt. No. 9 and activate this Report and Recommendation for the District Court's review.


HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Dated: February 2, 2026